UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KIRKLAND HARRIS,

                       **Plaintiff,**                  Civil Action No.:____

    -against-                                                  COMPLAINT

                                                          JURY TRIAL
                                                          DEMANDED

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,
DETECTIVE DAVID BUETELL, SHIELD #1847, AND OTHER
UNIDENTIFIED NEW YORK CITY POLICE OFFICERS
ALL INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY

                       **Defendants**
------------------------------------------------------------X

Plaintiff by his attorney Edward Zaloba, Esq., alleges as follows for his Complaint:

## PRELIMINARY STATEMENT

1. This is a civil action against the City of New York, Detective David Buetell, and other unknown unidentified New York City Police Officers, to redress the deprivation, under color of state law, of plaintiff's rights, secured by the civil rights act of 1871 42 USC §1983 and rights secured under the common law and privileges and immunities under the United States and New York State Constitutions. This action is grounded upon wrongful, unlawful, and improper acts including, without limitation, false arrest, false imprisonment, and violations of police and public duties and obligations.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983, §1985(3), §1986, §1988 and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution and pursuant to Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York. Jurisdiction is founded upon 28 U.S.C. §1331 and §1343 and the

previously mentioned statutory and constitutional provisions. That jurisdiction is founded upon the existence of a Federal question. Plaintiff further invoke the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

3. These matters in controversy, each exceed exclusive of interests and costs, the sum or value of ONE HUNDRED FIFTY ($150,000.00) DOLLARS.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C.§139(b) in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff requests a Jury Trial on claims herein.

## PARTIES

6. Plaintiff, KIRKLAND HARRIS, is a resident of Queens, New York.

7. Defendant City of New York ("City"), at all times mentioned, was and is a municipal corporation organized according to the laws of the State of New York. Defendant New York City owns, operates, manages, directs and controls the New York City Police Department which employs the defendant police officers involved herein.

8. Defendants, Detective David Buetell and other unknown unidentified New York Citty Police Officer, are and were, at all times mentioned, Police Officers and/or employees of the City of New York. They are sued individually and in their official capacity.

9. Upon information and belief, Police Officers, whose identities and number are presently unknown to plaintiff, are and were, at all relevant times, police officers, supervisors, and/or persons employed by the Police Department of the City of New York. These unknown officers will be sued individually and in their official capacity.

10. Upon information and belief, at all times and in all their actions described below, defendants were acting under color of state law and within the scope of

their employment as police officers, agents, servants and employees of the City of New York and under the City of New York's supervision, direction and control.

11. That the acts of the defendants alleged herein, the constitutional deprivations of the plaintiff, occurred in the County of Queens, New York, in the State of New York.

## PENDANT STATE CLAIMS

12. That the Notice of plaintiff's claims, the nature of the claims, and the date of, the time when, the place where and the matter in which the claims arose were duly served upon the Comptroller of the defendant, CITY OF NEW YORK, on or about October 8, 2013.

13. A 50H hearing pursuant to Gen. Mun. §50-H was not held as the City failed to properly reschedule and thus waived their right to conduct said hearing.

14. That more than thirty (30) days have elapsed since the Notice of Claim has been served upon the defendant and the said defendants have neglected or refused to make any adjustments or payments thereof.

## STATEMENT OF FACTS COMMON TO PLAINTIFF AND ALL CAUSES OF ACTIONS

15. The plaintiff resides in Queens County.

16. Plaintiff was arrested on or about February 13, 2013, and charged by indictment #328/2013 with violations of Penal Law §§110-125.25-1, 265.03-1b, 265.03-3 and 120.05.

17. The plaintiff was alleged to have committed these crimes on October 3, 2012.

18. The defendant officer Buetell, unlawfully caused the plaintiff to be identified by the complainant where the officers told the complainant prior to any identification that the plaintiff is the person who shot her. As a result of defendant's conduct the plaintiff was caused to be falsely arrested. Thereafter brought before the Court where bail was set in Supreme Court of Queens County at $100,000.00 bond or cash.

19. The plaintiff was unable to make bail and was caused to remain unlawfully imprisoned until approximately June 28, 2013.

20. The plaintiff was already incarcerated on another matter where his bail was

$3,500. The plaintiff was going to make said bail on his prior misdemeanor charges when he was unlawfully arrested on the matter herein.

21. The plaintiff was caused to remain unlawfully imprisoned until about June 28, 2013 when his bail has been reduced.

22. At the time of the occurrence of the crime alleged herein, October 3, 2012, the plaintiff was in Kingsboro Addiction Treatment Center and could not have left said facility undetected.

23. The defendant, Buetell, conspired and falsified documents and reports which were provided to both the Court and prosecutor.

24. The defendant, Buetell continued his conspiracy causing plaintiff to be maliciously prosecuted until said matter was dismissed and sealed on July 31, 2013.

25. The Assistant District Attorney, Emily Collins, who was handling said matter was informed by the complainant of the defendant, Buetell's false and improper conduct as stated above.

26. The plaintiff was wholly innocent.

27. As a result of the defendants conduct, the plaintiff was caused to be unlawfully imprisoned for over four and a half months (4 ½ ), was caused to suffer other injuries as a result of said violation of his civil rights under both the United States and New York Constitution

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS §1983

28. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

29. The conduct and actions of defendant, Detective Buetell, and other unknown unidentified New York City Police Officers, under color of state law and acting without probable cause, justification, or otherwise privilege, subjected plaintiff to false arrest, and unlawful imprisonment against plaintiff's will, and plaintiff was conscious of said confinement and, was done intentionally, maliciously with a deliberate indifference or with a reckless disregard for the natural and probable consequences of their acts, and subjected plaintiff to conspiracy, acts, and omissions to act without due process of law and in

violation of 42 U.S.C. §1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights, privileges and immunities:

 (a) Plaintiff was deprived of his First Amendment right to speak freely and to petition the government for redress of grievances;

 (b) Plaintiff was deprived of his Fourth Amendment constitutional right to be free from an unreasonable seizure of his person;

 (c) Plaintiff was deprived of his Fourteenth Amendment right to liberty, without due process of law;

 (d) Plaintiff was deprived of his Fourteenth Amendment right to equal protection of law;

30. As a result of the defendant's conduct, plaintiff was falsely arrested, deprived of liberty for over four (4) months, sustained emotional injury including mental suffering, humiliation, and was otherwise harmed, damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
## LIABILITY OF DEFENDANT CITY
## FOR CONSTITUTIONAL VIOLATIONS - MONELL (STATE & FEDERAL)

31. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

32. At all times materials to this complaint, the defendant **CITY OF NEW YORK**, acting through its police department, the **NEW YORK CITY POLICE DEPARTMENT**, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

33. The aforementioned customs policies, uses, practices, procedures and rules of the City of New York and the New York City Police Department included but not limited to arresting persons without probable cause, providing false information to prosecutors, falsifying police reports and testifying falsely under oath.

34. The defendant City of New York, failed to effectively screen, hire, train, supervise and

discipline its police officers and employees, including the defendant police officers and employees herein, for their ability to conduct proper and truthful police work, for their ability to investigate properly and for their ability to determine probable cause.

35. The existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and police-making officers and officials of the Police Department and the City of New York for a substantial period of time.

36. Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervisory and police-making officers and officials of the Police Department and the City of New York have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices, or otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the City of New York.

37. Defendant NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by seizing persons without probable cause, falsely arresting person causing false identification to be made, etc., and in so failing, the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiffs to be subjected to deprivations of their civil rights.

38. That the defendant municipality, NYC, alerted to the existence of a significant number of false arrests by its police officers, by repeated complaints, of false arrest, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite or repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

39. That the defendant municipality, NYC, has also been alerted to the use of malicious prosecution brought by its employee officers to cover up the false arrests and unlawful seizures by its

police officers, and that the culture of bringing such false charges and malicious prosecuting victims of NYPD false arrests has been allowed to exist without repercussions to the officers who engage in such behavior.

40. Moreover, the action of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the City of New York, which is implemented by police officers of said City. Where officers fabricate charges, against normal citizens, cause them to be falsely arrested and maliciously prosecuted , where upward mobility of the officers within ranks is accomplished. This conduct of conscious disregard of innocence and lack of probable cause is open and notorious. This conduct is open and notorious and frequently used by officers to conceal improper conduct by said officers. This is a well established practice and custom of the defendant NYC police department which has been the subject of a voluminous number of civil rights actions.

41. The existence of such de facto policies and/or well-settled and widespread custom and practices have been known to supervisory and police-making officers and officials of the Police Department of the City of New York for a substantial period.

42. Each and every year, thousands of civil rights actions alleging false arrest and unlawful imprisonment by police officers are brought and "settled" by the defendant New York City. Each year, the defendant, New York City spends millions of dollars to settle and/or satisfy said actions. Of greatest concern, is the fact that the defendant NYC is in possession of all information concerning thousands of similar matters settled. Furthermore, these facts alone substantiate the fact that not only is the defendant New York City aware of said police practices and usages, but moreso, that defendant NYC has failed to stop said practices and has condoned said practices and usages.

43. Upon information and belief, and without limiting the foregoing, the City of New York has specifically failed to terminate said practices in the following manner:

    (a)    Has failed to properly train, instruct, and discipline police officers with regard to the existence of probable cause;

    (b)    Has failed to properly train, instruct, and discipline police officers with regard to their violation of civil rights;

    (c)    Has failed to properly instruct, and discipline police officers with regard to their fabrication of charges against innocent persons;

(d)     Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers;

(e)     Has structured procedures and standards at the Civilian Complaint Review Board, the Office of Chief of Department, and Internal Affairs in such a manner that an officer's denial of the charges is ordinarily sufficient to remove the threat of any discipline or restraint upon the officer's conduct and to prevent any objective review of the officer's conduct.

(f)     Has failed to require police officers to accept independent and objective review of civilian complaints and imposition of discipline.

(g)     Has failed to properly structure the police department to review and discipline the existence of unlawful conspiracy by defendant officers.

44.     Defendant City of New York is directly liable and responsible for the acts of defendants because it has repeatedly and knowingly failed to properly supervise, train and discipline said officers and because it repeatedly and knowingly failed to enforce the rules and regulations of the New York City Police Department and the laws of the State of New York and the United States.

45.     The knowing and repeated failure of the defendant City of New York to properly supervise, train and discipline said officers actually caused the injuries to plaintiff alleged herein.

46.     Upon information and belief, defendant City of New York knew or should have known that the acts alleged herein would deprive plaintiff of his rights without due process of law, in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution and Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York, including, without limitation, such rights as plaintiff's rights to freedom from loss of liberty, freedom of speech, rights to petition for redress of grievances, right to due process, and right to equal protection of the laws.

47.     The defendant City of New York is also directly liable and responsible for the acts of defendants under the doctrine of respondeat superior.

48.     As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such polices, practices customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

49.     As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## AS FOR A THIRD CAUSE OF ACTION
## MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

50.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

51.     The defendant officers' issued legal process to place plaintiff under arrest and file false charges.

52.     Defendant officers' arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

53.     The defendant officers' acted with intent to do harm to plaintiff without excuse or justification.

54.     The defendant officers' aforementioned actions were conscience shocking and placed plaintiff in apprehension of emotional injuries.

55.     As a result of defendant's conduct, plaintiff has suffered physical and mental anguish, together with shock, fright, apprehension, embarrassment, humiliation and was otherwise harmed damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## NYS CONSTITUTIONAL VIOLATIONS

56.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

57.     Defendant subjected plaintiff to the foregoing conspiracies, acts, and omissions to act without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1, §§1, 6, 8, 9, 11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of her rights, privileges and immunities:

    (a)     Plaintiff was deprived of his rights to speak freely and to petition the government for redress of grievances, in violation of §§ 8 and  9 of the

Constitution of the State of New York;

(b) Plaintiff was deprived of his rights to be free unreasonable seizures of hi person; in violation of § 12 of the Constitution of the State of New York;

(c) Plaintiff was deprived of his rights to liberty, without due process of law, in violation of §6 of the Constitution of the State of New York;

58. As a result of the defendants' conduct, Kirkland Harris was deprived of liberty sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, FALSE ARREST

59. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in prior paragraphs mentioned above with the same force and effect as if more fully set forth herein

60. By the actions described above, the defendants Detective Buetell, and other unknown unidentified New York City Police Officers, falsely caused the arrest of plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The seizure and arrest of plaintiff was without his consent and without legal justification. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff.

61. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, NEGLIGENCE

62. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

63. Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

(a) failed to perform their duties as a reasonably prudent and careful police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure and arrest where the officers fabricated the charges;

(b) failed to perform their duties as reasonable and prudent officers where plaintiff was seized without probable cause and the defendant officer and other unidentified officers consciously conspired to bring false charges.

(c) failed to perform their duties as reasonable and prudent officers where given the facts herein no officer intervened to stop either the initial unlawful seizure or subsequent unlawful arrest and imprisonment.

(d) hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed dangerous propensities as well as a propensity to conspire against innocent persons where said officers would conspire and falsely arrest persons when said arrests of plaintiffs were unreasonable and without probable cause under the facts and circumstances existing;

(e) failed to exercise care in instructing police officers, officials, supervisors, and civilian employees as to their department, behavior, and conduct, including (but not limited to) failing to give proper instructions as to the existence of probable cause, and as to the obligation of police officers to intervene, as an affirmative duly to protect citizens threatened with deprivation of constitutional rights by other New York City police officers;

(f) failed to establish meaningful procedures for disciplining officers and other personnel who have engaged in such acts of misconduct.

64. Defendant officers acting jointly and severally, negligently caused extreme emotional distress to plaintiff. The acts and conduct of the defendants were reasonably foreseeable, and were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

65. All of these acts were performed without any negligence on the part of the plaintiff and were the proximate cause of injuries to him.

66. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF, UNLAWFUL IMPRISONMENT

67. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in prior paragraphs mentioned above with the same force and effect as if more fully set forth herein

68. By the actions described above, the defendants Detective Buetell, and other unknown unidentified New York City Police Officers, intended to confine plaintiff and did cause plaintiff to be falsely imprisoned without reasonable cause or probable cause, illegally and without a warrant and without any right or authority to do so. The plaintiff was imprisoned for approximately 4 ½ months and said confinement was not privileged. The acts and conduct of the defendant was the direct and proximate cause of injury and damage to plaintiff.

69. Plaintiff was conscious of and did not consent to his confinement.

70. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation and was otherwise harmed, damaged and injured.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in prior paragraphs mentioned above with the same force and effect as if more fully set forth herein.

72. By the actions described above, the defendants Detective Buetell, and other unknown unidentified New York City Police Officers, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotional distress to plaintiff.

73. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### AS AND FOR A NINTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF,
### FAILURE TO INTERVENE

74. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

75. Each and every individual under officer and unidentified officers had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights.

76. The individual defendant officers failed to intervene on plaintiff's behalf to prevent the violation of his constitutional rights despite having a realistic opportunity to do so.

77. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and he was subjected to false arrest and unlawful imprisonment.

### AS AND FOR A TENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF,
### CLAIM FOR RELIEF UNDER NY STATE LAW
### NEGLIGENT HIRING AND RETENTION,

78. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

79. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the seizure, arrest and imprisonment of Plaintiff.

80. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants, Detective Buetell, and other unknown unidentified New York City Police Officers to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF,
### CLAIM FOR RELIEF UNDER NY STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION,

81. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

82. Upon information and belief, defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the seizure, arrest and imprisonment of the plaintiff.

## AS AND FOR A TWELVTH CAUSE OF ACTION
## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK
## FOR STATE LAW VIOLATIONS

83. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

84. The conduct of defendants Detective Buetell, and other unknown unidentified New York City Police Officers alleged herein, occurred while they were on duty in uniform, and in and during the course and scope of their duties and functions as New York City Police officers, and while they were acting as agents, officers, servants and employees of the defendant City of New York. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff, and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York pursuant to the doctrine of respondeat superior.

85. As a result of the foregoing, plaintiff was deprived of his constitutional rights, unlawfully arrested and imprisoned and sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF,
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## 42 USC §1983 AND THE FOURTH AMENDMENT VIA
## MALICIOUS PROSECTUION

86. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

87. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment by the defendant.

88. That said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants

caused the commencement and continuation of criminal proceedings against the plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights. The malicious prosecution ceased when the matter was dismissed and sealed on July 31, 2013.

89. That defendant officer and other unidentified officers swore falsely as to the alleged criminal actions attributed to plaintiff and caused him malicious prosecution to be commenced and continued.

90. That the defendant and other unidentified officers misrepresented and falsified evidence before the District Attorney.

91. That the defendant did not make a complete and accurate statement of facts to the prosecutor.

92. That defendants withheld exculpatory evidence from the District Attorney.

93. That the defendant lacked probable cause to initiate criminal proceedings against the plaintiff.

94. That the defendants acted with malice to initiate criminal proceedings against the plaintiff.

95. That the defendant were directly and actively involved in the construction of the criminal proceeding against the plaintiff.

96. That defendants acted with malice in their continuation of said false charges.

97. That defendant misrepresented and falsified evidence throughout all phases of the criminal proceedings.

98. Notwithstanding the prejudice and fraudulent conduct of the defendant, the criminal proceeding were terminated in plaintiff Harris's favor and all charges against him were dismissed.

99. That all the defendants who knew of the commencement and continuation of the malicious prosecution of the plaintiff are liable to the plaintiff via their failure to exercise their affirmative duty to intervene.

## VICARIOUS LIABILITY

100. Plaintiff incorporates by reference the allegations set forth in each preceding paragraph of this complaint as if fully set forth herein.

101. The defendants' employed by NYC Police Department an agency of the Defendant City of New York unlawfully seized arrested and imprisoned, plaintiff therefore under doctrine of vicarious liability, the defendant City of New York is libel for all acts occurring after and during the illegal and unlawful arrest and imprisonment.

102. As a result of the foregoing, plaintiff was assaulted, falsely arrested and unlawfully imprisoned and plaintiff sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

**WHEREFORE**, in consideration of each and every claim the plaintiff demands judgment :

A. Compensatory damages in the amount of TWO MILLION ($2,000,000) DOLLARS;

B. Punitive damages in the amount of TWO MILLION ($2,000,000) DOLLARS;

C. The convening and empanelling of a jury to consider the merits of the claims herein;

D. Costs and interest and attorney's fees;

E. Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: Queens, New York
October 21, 2014

Yours, etc.,

_____
EDWARD ZALOBA, Esq.
Attorneys for Plaintiff
118-21 Queens Boulevard, Ste. 504
Forest Hills, New York 11375
(718) 261-3000